DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Michael Demcho has appealed from the decision of the Medina County Court of Common Pleas that denied his motion to vacate judgment pursuant to Civ.R. 60(B). This Court affirms.
 I {¶ 2} On October 6, 1973, Appellant and Appellee Sandra Demcho nka Dunbrooke were married in Cleveland, Ohio and three children were born as issue to the marriage. On December 27, 1995, the Medina County Court of Common Pleas issued a dissolution of marriage, which incorporated a shared parenting agreement the parties had filed on November 20, 1995. Per the journal entry and agreement, Appellant was named the residential parent and no child support was ordered. On August 16, 2001, Appellant and Appellee entered into an agreed judgment entry that modified the dissolution stating that each parent was deemed the residential parent of the only remaining minor child, Steven Demcho ("Steven"), born on January 5, 1985.
 {¶ 3} On February 25, 2002, around the time Appellant moved to Florida, Appellee filed a motion to establish child support for Steven. In a journal entry dated October 4, 2002, the trial court ordered Appellant to pay $1,005.78, plus a 2% fee, per month for the support of Steven. Appellant objected to the order and his objections were overruled. Appellant next petitioned for a rehearing and a motion for a new trial; on March 7, 2003, both requests were denied. On April 7, 2003, Appellant filed a notice of appeal. On April 23, 2003, Appellant filed a motion for relief from judgment and a motion to stay the execution of the child support order arguing that he should not have to pay child support because Steven was emancipated. On May, 19, 2003, Appellant voluntarily dismissed his appeal.
 {¶ 4} On May 20, 2003, a hearing was held to resolve Appellant's Civ.R. 60(B) motion, Appellant's motion to stay the execution of the child support order, and Appellee's oral motion for attorney's fees. After denying Appellant's stay of execution, the trial court heard testimony from Highland High School ("Highland") Assistant Principal Ulrich ("Ulrich"), Appellant, and Appellee. Ulrich testified that Steven withdrew from Highland on October 10, 2002 after the school discovered that Steven no longer had a residence in the school district and therefore, he could no longer attend Highland[1] Ulrich stated that Steven re-enrolled at Highland on January 21, 2003. He explained that Steven was able to re-enroll because he had turned eighteen and a resident of the Highland school district, Mrs. Snyder ("Snyder"), the mother of one of Steven's friends, sent a letter stating that Steven was living in her home. Ulrich testified that he had no reason to believe Steven was not living with Snyder.
 {¶ 5} Appellant testified that he knew Steven used his Ohio address for enrollment purposes. Appellant stated that he thought Steven was living with Appellee and that he learned of Steven's withdrawal and re-enrollment in April 2003. Appellant did not provide any testimony concerning his direct knowledge of where Steven actually lived, rather he testified that he "learned" that Steven had moved out of his mother's house.
 {¶ 6} Appellee testified that Steven was "released" from Highland because after Appellant sold his house Steven no longer had a residence in the school district. Appellee testified that she and Steven went to great lengths trying to keep him at Highland She stated that Steven knew once he was eighteen he could re-enroll at Highland if he found a resident of the school district to write a letter stating he lived in their home. Appellee testified that Steven's "physical address" is her home. Appellee testified that he has a bedroom in her home and that he sleeps there at night, but she also acknowledged that he has stayed over night and eaten meals at Snyder's home. She also testified that she provides food and clothing to Steven and that the car he drives is registered in her name. Appellee explained that Steven is employed as part of a work-study program at Highland Her testimony also included evidence for her motion for attorney's fees. She testified that her attorney prepared paperwork for the hearing and that his total time spent representing her on the pending motion would be about three hours. Appellee also testified that her attorney charges $165 an hour.
 {¶ 7} On August 8, 2003, the trial court issued a decision denying Appellant's Civ.R. 60(B) motion. The trial court found that Appellant could not meet his burden for relief from judgment because it determined that Steven was not emancipated. The trial court granted Appellee's motion for attorney's fees in the amount of $495. Appellant has timely appealed the decision of the trial court, asserting four assignments of error. We have consolidated his second and third assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court erred in denying appellant's motion for relief from judgment as appellant satisfied the necessary requirements entitling him to relief."
 {¶ 8} In his first assignment of error Appellant has argued that the trial court erred when it denied his motion for relief from judgment. Specifically, he has argued that he established a meritorious claim and relief should have been granted. We disagree.
 {¶ 9} Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R. 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).
 {¶ 10} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent of one another and in the conjunctive." Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 11} The standard of review used to evaluate a trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion.Russo, 80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 104.
 {¶ 12} This Court finds that the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment. A review of the transcript reveals that while the trial court did not grant Appellant's motion on the record and then hold a separate hearing on his alleged "newly discovered evidence," the trial court indirectly granted his motion because the trial court held a hearing on the issue of Steven's emancipation, which enabled Appellant to present his alleged newly discovered evidence. It appears that the trial court was practicing judicial economy when rather than determine Appellant had a meritorious claim and set another date to hear his newly discovered evidence, the trial court heard both parties' evidence concerning whether Steven was emancipated and made a decision on that issue.[2] This Court does not find such a practice an abuse of discretion. Appellant's first of assignment of error is not well taken.
 Assignment of Error Number Two
"The trial court erred when it refused to consider the legal impact of the testimony regarding [Steven's] enrollment at [highland] and the application of appropriate ohio law."
 Assignment of Error Number Three
"The trial court erred when it overruled appellant's motion for relief upon the basis that steven was not emancipated."
 {¶ 13} In his second assignment of error, Appellant has asserted that the trial court erred when it "refused to consider [the] legal impact" of Steven being enrolled at Highland In his third assignment of error, Appellant has argued that the trial court erred when it determined that Steven was not emancipated even though he attended school outside of Appellee's residential district. Specifically, Appellant has argued that Steven was emancipated because he was enrolled at Highland We disagree.
 {¶ 14} When reviewing the propriety of a trial court's determination in a domestic relations case, this court applies the abuse of discretion standard of review. Booth v. Booth
(1989) 44 Ohio St.3d 142, 144. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." Id. (citation omitted.) Matters concerning child support require a review with common sense and fundamental fairness. Id. Accordingly, this Court will review the trial court's determination that Steven was not emancipated and only reverse if we find the trial court was unreasonable, arbitrary or unconscionable. Smyers v. Abramovich (March 7, 2001), 9th Dist. No. 20124, at 3.
 {¶ 15} Emancipation constitutes the freeing of a minor from parental control. Henry v. Henry (Aug. 19, 1992), 9th Dist. No. 15474, at 2, citing Price v. Price (1983), 12 Ohio App.3d 42,43. "Emancipation cannot be accomplished by an act of the child alone and, generally, is the result of some act or omission of the parent." Henry, supra, at 2, citing Schirtzinger v.Schirtzinger (1952) 95 Ohio App. 31, paragraph two of the syllabus; Andrus v. Andrus (Jan. 15, 1982), 6th Dist. No. L-80-322. The emancipation of a child may occur through marriage, leaving home, becoming employed and self-subsisting, or any other manner indicative of the relinquishment of parental control and support. Smyers, supra, at 4 (citations omitted).
 {¶ 16} Pursuant to R.C. 3109.01, a person reaches the age of majority at age eighteen. R.C. 3109.01. But, "the parental duty of support to children shall continue beyond the age of majority, [until the child reaches the age of nineteen,] as long as the child continuously attends on a full-time basis any recognized and accredited high school." R.C. 3103.03(B), R.C. 3119.86. This Court has previously found that "[t]he clear purpose of [the General Assembly was] to ensure that parents support their child so long as the child is working to obtain a basic level of training and education, as provided by high school program, with the ultimate goal of enabling the child to become self-sufficient." Weber v. Weber (May 23, 2001), 9th Dist. No. 00CA007722, at 9. The party seeking the termination of a child support obligation due to emancipation bears the burden of proving the emancipation of the child at issue through the individual facts and circumstances surrounding that child. Bagyiv. Miller (1965), 3 Ohio App.2d 371, 373; Price, supra, at paragraph two of the syllabus.
 {¶ 17} Based on the foregoing, it is clear that the trial court's responsibility was to determine if Steven was self-subsisting, if Appellee had relinquished parental control, support, and custody of Steven or if Steven had otherwise become emancipated. At the hearing before the trial court, Steven's assistant principal, father and mother testified. Their testimony provided the trial court with information on where Steven attended school, where Steven lived, and who provided care and support for Steven. The trial court found that even though Steven was eighteen and enrolled at Highland, "uncontroverted evidence . . . establish[ed that] he continued to reside with his mother and his mother ha[d] continued to provide for him financially."
 {¶ 18} Given the evidence before the trial court, we reject Appellant's argument that if Steven was lawfully enrolled at Highland he must be emancipated; we reject that argument because the issue of whether Steven was legally or properly enrolled at Highland is not relevant to whether he was emancipated, nor was that issue before the trial court or even an issue that could be decided by a domestic relations judge. This Court finds that the trial court did not abuse its discretion when it concluded that Steven was not emancipated. Accordingly, Appellant's second and third assignments of error are not well taken.
 Assignment of Error Number Four
"The trial court erred in granting appellee's motion for attorney fees as there WS[SIC] no compliance with the established rules of the court."
 {¶ 19} In Appellant's fourth assignment of error, he has asserted that the trial court erred when it awarded attorney's fees to Appellee. Specifically, Appellant has made two arguments: 1) Appellant has argued that since the motion for attorney's fees was made orally rather than in writing it must be denied; and 2) Appellant has argued that Appellee was not entitled to attorney's fees. We disagree.
 {¶ 20} Errors not raised in the trial court need not be considered by an appellate court. State v. Roberts, 9th Dist. No. 21532, at ¶ 18. This Court usually declines to review an issue on appeal if the appellant has failed to raise the issue in the trial court level. Arn v. Arn, 9th Dist. No. 21078, 2003-Ohio-3794, at ¶ 30, citing State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 7. A failure to object waives all but plain error. See State v. Coley (2001), 93 Ohio St.3d 253, 266. A plain error is one that is "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 209. Plain error exists when, "`but for the error, the outcome of the trial clearly would have been otherwise.'" Doyle v. Fairfield Machine Co., Inc. (1997),120 Ohio App.3d 192, 214, quoting In re Colvin, (June 6, 1994), 4th Dist. No. 93/CA/30, 1994 Ohio App. LEXIS 2628, at *4.
 {¶ 21} In the first part of Appellant's fourth assignment of error, he has argued that the trial court made a procedural error when it granted an oral motion for attorney's fees. A review of the record reveals that Appellant failed to object to Appellee's oral motion for attorney's fees. The motion was made at the beginning of the hearing and the relevant testimony was near the conclusion of the hearing; Appellant never objected to the motion or testimony, nor did he state that he was not prepared to discuss the issue of attorney's fees. Based on the foregoing, this Court finds that since Appellant failed to object at the trial court level, he waived any right to appeal attorney's fees based on an oral motion. We also find the record devoid of any evidence of plain error on this issue. Next, we turn to Appellant's argument that Appellee was not entitled to attorney's fees.
 {¶ 22} An appellate court reviews a trial court's decision regarding attorney's fees under an abuse of discretion standard.Holcomb v. Holcomb, (September 26, 2001), 9th Dist. No. 01CA007795, at 16. Absent an attitude that is unreasonable, arbitrary or unconscionable, this Court will not reverse a trial court's award of attorney's fees in a post-divorce action. Mayv. Hughey, 9th Dist. No. 21805, 2004-Ohio-3426, at ¶ 32, citingParzynski v. Parzynski (1992), 85 Ohio App.3d 423, 439.
 {¶ 23} The Ohio Supreme Court has held that a trial court may award attorney's fees based upon statutory authorization.Motorists Mut. Ins. Co. v. Brandeburg (1995),72 Ohio St.3d 157, 158. Pursuant to R.C. 3105.18(H), "[i]n divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings . . . if it determines that the other party has the ability to pay the attorney's fees that the court awards." R.C. 3105.18(H). "The trial court must make its determination [of attorney's fees] in an equitable and fair manner which serves the ends of justice."Holcomb, supra at 16, citing Bowen v. Bowen (1999),132 Ohio App.3d 616, 642, appeal not allowed (1999), 86 Ohio St.3d 1402.
 {¶ 24} In the instant matter, the trial court was required only to consider whether the attorney's fees requested were reasonable in light of the evidence presented by Appellee and whether the other party had the ability to pay the attorney's fees that the court awarded. See R.C. 3105.18(H). During the hearing, evidence was presented establishing the amount of time Appellee's attorney had spent on the case and the attorney's hourly rate. The trial court stated in its journal entry that it took notice of the fact that Appellant earned more than $150,000 a year and that Appellee earned $35,000 a year and, therefore, Appellant would be able to pay Appellee's attorney's fees. The trial court also found that no evidence was presented that Appellee's attorney had not completed the work or that the fees were unreasonable. Based on the testimony presented at the May 20, 2003 hearing and the appellate record, this Court finds that the trial court's decision awarding attorney's fees was not unreasonable, arbitrary, or unconscionable. As a result, the trial court did not abuse its discretion when it concluded that the Appellee was entitled to $495 in attorney's fees. Accordingly, Appellant's fourth assignment of error is without merit.
 III {¶ 25} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Concurs.
Carr, P.J., Concurs in Judgment Only.
[1] Steven had been using Appellant's Ohio residence in the school district for enrollment purposes, but Appellant sold said residence prior to the 2002-2003 school year, which was Steven's senior year.
[2] Appellant did not appeal the trial court's procedure; accordingly, this Court will not review that issue.