DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Janice and Jerry Costigan, appeal from the order of the Summit County Court of Common Pleas, Domestic Relations Division, finding them in contempt and directing them to pay appellee's attorney fees. This Court affirms, in part, and reverses, in part.
 I. {¶ 2} A decree of dissolution of marriage was entered on November 5, 1985, as between appellee, Robert Willett, and Kimberly Willett. The Willetts had one minor child, Sarah, born January 4, 1984. Pursuant to the separation agreement attached to the decree and made part thereof, Kimberly Willett received custody of the child, while appellee was granted visitation rights. Appellee agreed to pay child support, carry hospitalization insurance for the child, and pay all medical expenses of the child. The trial court retained jurisdiction to modify custody and support in regard to the child.
 {¶ 3} Pursuant to an agreed parenting order, filed June 4, 1997, appellee was designated the residential parent of the child. The trial court granted companionship of the child to both Kimberly Willett and appellant, Janice Costigan, the child's maternal aunt. Appellee was ordered to continue to pay child support to Kimberly Willett, and to pay for health insurance and non-covered medical expenses for the child.
 {¶ 4} On September 23, 1999, appellants filed a motion for temporary custody of Sarah, and the trial court added them as additional party defendants in light of their physical possession of the child. On January 24, 2000, the trial court issued an agreed judgment order, naming appellants as the residential parents of the child. Kimberly Willett was ordered to pay child support directly to appellants in the amount of $65.00 per month. Appellee was ordered to pay child support through the Child Support Enforcement Agency in the amount of $3,674.00 per month, plus poundage. Appellee was further ordered to pay for school tuition and provide medical insurance coverage for the child, but the trial court expressly stated that appellee "shall not be responsible for any busing fees, books fees, or other activities fees of said child at school, nor shall he be responsible for any out of the pocket medical expenses in light of the amount of child support amount ordered * * *."
 {¶ 5} On December 10, 2001, appellee filed a motion for contempt and to compel payment of medical bills as against appellants. After hearing on the motion, the magistrate found that appellants were to have been responsible for all out-of-pocket medical expenses for the child, pursuant to the January 24, 2000 judgment order. The magistrate found appellants in contempt and ordered appellants to write a letter to the credit bureau indicating they were responsible for the medical bills which appeared as a negative reference on appellee's credit report. The magistrate further ordered appellants to pay to appellee $2,600.00 for attorney fees and costs.
 {¶ 6} Appellants timely objected to the magistrate's decision. In their objection, appellants admitted that they had an obligation to pay the child's excess medical bills. They argued, however, that they had not been given appropriate notice of the bills before being found in contempt for not paying them. Appellants further argued that the imposition of attorney fees was improper, because there was no evidence to support the amount or reasonableness of the fees. In addition, appellants asserted that there was no statutory authority for the imposition of such fees.
 {¶ 7} By journal entry filed May 21, 2004, the trial court overruled appellants' objections and adopted the magistrate's finding of contempt and orders that appellants write the letter to the credit bureau and pay appellee's attorney fees and costs. Appellants timely appeal, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The Trial Court Erred in Ruling that the Third-Party Appellants were in Contempt of Court[.]"
 {¶ 8} Appellants acknowledge that the contempt finding against them was premised on a violation of a court order, specifically the January 24, 2000 judgment order, which named appellants as the residential parents of the child, Sarah. Appellants argue that the trial court erred in finding them in contempt for failing to pay the child's excess medical bills, because the January 24, 2000 order merely ordered that appellee shall not be responsible for payment of such bills. They argue that the order failed, however, to specifically assess responsibility for payment of such bills to any other party. Without an order specifically assigning such obligation to them, appellants argue that the trial court could not find them in contempt for violating the vague order.[1] This Court finds appellants' argument to be without merit.
 {¶ 9} Civ.R. 53(E)(3)(d) states:
"Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 10} The magistrate issued the decision in question on October 27, 2003. Although appellants timely filed their objection on November 10, 2003, the record indicates that they did not raise any objection to the magistrate's finding that appellants were responsible for all out-of-pocket medical expenses for the child. In fact, appellants admitted in their brief in support of their objection that they were responsible for payment of any uninsured portion of any medical bills. Accordingly, because appellants failed to raise this issue in the trial court, they may not do so on appeal. Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The Trial Court Erred in Awarding a Judgment Against Third/Party Defendants/Appelants for Plaintiff/Appellee's Attorney Fees and Costs[.]"
 {¶ 11} Appellants argue that the trial court erred in ordering appellants to pay appellee's attorney fees and costs upon finding appellants in contempt for two reasons. First, appellants argue that there was only lay testimony as to the reasonableness of the fees. Second, appellants argue that the trial court failed to distinguish between fees relating to the motion for contempt, on which appellee prevailed, and fees relating to the motion for accounting, on which appellee did not prevail. This Court agrees.
 {¶ 12} Appellants do not dispute the authority of the trial court to award attorney fees in connection with a contempt proceeding. Rather, appellants contest the manner in which the trial court arrived at the fee determination. In fact, it is within the discretion of the trial court to include reasonable attorney fees as part of the costs taxable to a party, whom the court has found guilty of civil contempt.[2] White v.White (Mar. 7, 1990), 9th Dist. No. 2525. Further, "[w]here the amount of attorney's time and work is evident to the trier of fact, such is a basis for an award of attorney fees even in the absence of specific evidence as to the fee amount." Id.
 {¶ 13} This Court reviews the trial court's decision regarding attorney fees under an abuse of discretion standard.May v. Hughey, 9th Dist. No. 21805, 2004-Ohio-3426, at ¶ 32. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 14} In this case, appellants argue that the trial court must consider the factors set forth in DR2-106 of the Code of Professional Responsibility in regard to its finding regarding the reasonableness of attorney fees. This Court recently considered the determination of the reasonableness of attorney fees for contempt proceedings within the context of domestic relations in May at ¶ 35. In that case, this Court held that "[t]he trial court was required only to consider whether the attorney's fees requested were reasonable in light of the evidence presented * * * and whether the other party had the ability to pay the attorney's fees that the court awarded." Id.
 {¶ 15} In this case, the only evidence regarding the reasonableness of the attorney fees was appellee's testimony that the "almost $2,600.00 in legal fees to get $700.00 worth of bills paid" was reasonable. While appellee's counsel referenced an affidavit she prepared in regard to the time she spent "on this matter on [appellee's] behalf," including itemized copies of billing statements to appellee, the record is clear that appellee had also filed a motion for an accounting, which the court addressed during the September 9 and 23, 2002 hearing. Appellee's counsel's affidavit was apparently never formally admitted as an exhibit and is not part of the record before this Court. Further, there is no indication that either the affidavit or the trial court distinguished between the time spent in regard to the contempt motion and the time spent in regard to appellee's motion for an accounting of child support payments. In addition, neither counsel nor the court made any inquiry into appellants' ability to pay the attorney fees awarded. This Court finds that, in light of the limited evidence presented, the trial court abused its discretion in awarding the amount of attorney fees requested by appellee.
 {¶ 16} Appellants' second assignment of error is sustained, the order regarding attorney fees is reversed, and the matter of the reasonableness of attorney fees awarded to appellee is remanded to the trial court.
 III. {¶ 17} Appellants' first assignment of error is overruled, and the order of the Summit County Court of Common Pleas, Domestic Relations Division, finding appellants in contempt is affirmed. Appellants' second assignment of error is sustained, and the order of the trial court awarding attorney fees to appellee as against appellants in the amount of $2,600.00 is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J. Whitmore, J. concur.
[1] Appellee argues in his response that appellants waived the argument that the trial court's order did not impose an obligation on appellants to pay for the child's excess medical bills, because appellants failed to raise the issue in their objection to the magistrate's decision. In their reply brief, appellants argue that, notwithstanding any failure to comply with Civ.R. 53 objection requirements, this Court should apply the plain error doctrine to find that the trial court erred in finding appellants in contempt. Appellants raise the issue of plain error for the first time in their reply brief. Pursuant to Loc.R. 7(C), reply briefs are restricted to matters in rebuttal of the appellee's brief. "Proper rebuttal is confined to new matters in the appellee's brief." Loc.R. 7(C). Appellant may not raise new assignments of error or new issues for consideration in his reply brief; rather, the reply brief is "merely an opportunity to reply to the brief of the appellee." State v.Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 32, fn.2, quoting Sheppard v. Mack (1980), 68 Ohio App.2d 95, 98, fn.1. This Court, therefore, declines to address the issue of the trial court's plain error, because it is not properly before us. Moreover, appellant has not cited this Court to any cases wherein the "plain error" doctrine has been utilized where the party fails to comply with the requirements of Civ.R. 53(E)(3)(d).
[2] In this case, the purpose of the trial court's orders that appellants write a letter to the credit bureau assuming responsibility for appellee's negative credit references and pay appellee's attorney fees is remedial and for the benefit of appellee. The nature of the sanctions indicates, therefore, that appellants were found in civil contempt. See, e.g., State v.Birch, 9th Dist. No. 20910, 2002-Ohio-3734, at ¶ 11, citingState ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 555.