[Cite as *Baaron, Inc. v. Davidson*, 2017-Ohio-7783.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

BAARON, INC., dba TDP
CONTRACTING

    Appellant

    v.

NORMA DAVIDSON

    Appellee

C.A. No.    16AP0052

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    11-CV-0460

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

HENSAL, Presiding Judge.

{¶1}    Baaron, Inc., doing business as TDP contracting, appeals a judgment entry of the Wayne County Court of Common Pleas that awarded attorney fees to Norma Davidson. For the following reasons, this Court reverses.

I.

{¶2}    The facts of this case were set out in *Baaron Inc. v. Davidson*, 9th Dist. Wayne No. 13CA0050, 2015-Ohio-4217. Relevant to this appeal, in *Davidson* this Court reversed the trial court's award of attorney fees because it "did not state its basis for awarding the fees, which differed from the amount requested by Ms. Davidson." *Id*. at ¶ 34. We remanded the case for the trial court "to set forth its basis for the fee determination." *Id*.

{¶3}    On remand, the parties agreed that the trial court should decide the attorney fee issue based on the evidence that was presented at a hearing on attorney fees in September 2013. After reviewing the evidence submitted by Ms. Davidson, it ordered Baaron, Inc. to pay her

$9,662.50 in attorney fees. Baaron, Inc. has appealed, assigning as error that the trial court incorrectly awarded Ms. Davidson attorney fees and treble damages.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES AND TREBLE DAMAGES IN FAVOR OF DAVIDSON.

{¶4}     Baaron, Inc. argues that the trial court's award of attorney fees was arbitrary because Ms. Davidson did not submit any evidence that established their reasonableness. As we noted in our previous decision, a trial court's determination on an award of attorney's fees should not be reversed unless it abused its discretion. *Id.* at ¶ 32, citing *Bittner v. Tri–County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when applying the abuse-of-discretion standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶5}     "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Bittner* at 145, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "'What is reasonable,' for purposes of calculating attorney fees, 'is a question of fact[, and t]he trial court must have evidence before it probative of that issue in order to make the finding.'" (Alterations in original.) *Mann v. Mendez*, 9th Dist. Lorain No. 04CA008562, 2005-Ohio-3114, ¶ 22, quoting *Kimball v. Austin*, 9th Dist. Lorain No. 01CA007760, 2001 WL 866260, *2 (Aug. 1, 2001). "The party seeking an award of attorney fees bears the burden of proving their reasonableness." *Zimmerman v. U.S. Diamond & Gold Jewelers, Inc.*, 2d Dist. Montgomery No. 14680, 1995 WL 100820, *9 (Mar. 8, 1995).

{¶6}     At the hearing on attorney fees, Ms. Davidson presented a copy of a bill for $3,049.04 that she received from her original attorney in the action.  There was no detail about the number of hours the attorney worked on Ms. Davidson's case or the services he provided, but Ms. Davidson testified that she thought the fees he had charged were fair and reasonable.  Ms. Davidson also presented a copy of the fee agreement she had entered into with her second attorney, which indicated that his hourly rate was $125.  Ms. Davidson testified that she thought the rate was fair and reasonable.  Ms. Davidson also submitted an itemized hours report that detailed all of the hours her second attorney had spent on her case.  Ms. Davidson testified that she believed the hours incurred by her second attorney were fair and reasonable.

{¶7}     In its decision, the trial court noted that Ms. Davidson's original attorney had withdrawn on the eve of trial because he had accepted a magistrate position.  It noted that consumer sales practices are challenging and that Ms. Davidson had difficulty finding new counsel.  It found that, despite the challenge, Ms. Davidson's second attorney had picked up the file in her case and "came to [her] rescue."  It concluded that his "hourly rate is more than reasonable given the time crunch he was under and circumstances surrounding his late entry into the case."  It, therefore, multiplied the 77.3 hours Ms. Davidson's second attorney had worked on the case by his hourly rate and awarded her $9662.50 in attorney fees.  It did not award her anything for her original attorney's work on the action.

{¶8}     Although the trial court determined that the second attorney's hourly rate was reasonable, it did not determine "the number of hours reasonably expended on the litigation[.]" *Bittner*, 58 Ohio St.3d 143, 145.  Accordingly, we cannot say that the trial court complied with *Bittner* when it analyzed whether to award attorney fees to Ms. Davidson.  Furthermore, even assuming that a finding of reasonableness is implicit in the trial court's decision, there was

insufficient evidence in the record to support such a finding. This Court has previously determined that lay testimony alone cannot establish the reasonableness of the time an attorney spent on a case. *Willett v. Willett*, 9th Dist. Summit No. 22167, 2005-Ohio-342, ¶ 11, 15 (concluding that trial court abused its discretion when it awarded attorney fees when the only evidence regarding the reasonableness of the fees was client's testimony). We, therefore, conclude that the trial court abused its discretion when it awarded $9,662.00 in attorney fees to Ms. Davidson. Baaron, Inc.'s assignment of error is sustained.

III.

{¶9} Baaron, Inc.'s assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

TIMOTHY B. PETTORINI, Attorney at Law, for Appellant.

MATTHEW J. MALONE, Attorney at Law, for Appellee.