[Cite as *M.E.K. v. P.K.*, 2024-Ohio-959.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF OHIO

| | | |
|---|---|---|
| M.E.K., | : | |
| Plaintiff-Appellee, | : | No. 112942 |
| v. | : | |
| P.K., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-357855

### *Appearances:*

Stafford Co., L.P.A., and Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellee*.

P.K., *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} P.K.[1] appeals the domestic relations court's judgment entry disposing of several post-decree motions that in pertinent part modified the child support obligation and reallocated parental rights to M.E.K. Although M.E.K. initially appeared in this appeal to challenge husband's motion to stay enforcement of the order, she has not filed an appellate brief. Under App.R. 18(C), this panel is permitted to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." For the following reasons, and after reviewing the arguments as presented and the relevant portions of the record, we affirm in part, reverse in part, and remand for further proceedings.

{¶ 2} According to P.K.'s statement of the case, he filed a motion to modify a parenting order, attempting to obtain temporary custody of his children, in 2019. Based on that motion, a guardian ad litem ("GAL") was appointed on behalf of the children, and the matter was set for hearing. The GAL was originally appointed in a dual capacity as a GAL and attorney for the children, who were also made parties to the action under Civ.R. 75(B)(2). The trial court later clarified that the GAL was not serving as an attorney for the children, citing Ohio Rules of Superintendence 48.02(E),[2] but no order rescinding the earlier decision to join the children as parties

_____

[1] In order to protect the children's identity, the parents' names are not used.

[2] That rule provides: "If a court appoints a guardian ad litem in an allocation of parental rights and responsibilities case, the guardian ad litem shall be appointed only to

or appointing them new counsel has been identified. Throughout that time, P.K. represented himself. M.E.K. filed a motion for attorney fees, challenging P.K.'s conduct. In 2020, P.K. hired counsel, who withdrew in 2022. *M.E.D. v. P.K.*, 8th Dist. Cuyahoga No. 112070, 2023-Ohio-3471, ¶ 3. In March 2023, a hearing on the motion was held.

{¶ 3} According to the magistrate's decision, the parties were divorced in 2016 after approximately 11 years of marriage. The couple have three children. The final judgment entry of divorce provided, upon agreement of the parties, that M.E.K. would be the sole legal custodian and residential parent of the children. P.K. had weekly visitation on Wednesday afternoons and alternating weekends. The children did not fare well after the divorce. According to the magistrate's findings of fact, they "began to exhibit signs of developmental challenge and extreme alienation" from M.E.K. The children's "devotion" to P.K. was described as "cult-like." M.E.K. attempted to engage the children in therapy but was sabotaged by P.K.

{¶ 4} The GAL investigated the situation and recommended that all visits between P.K. and the minor children be supervised and all telephone contact between the minor children and P.K. be monitored. After review of the GAL's report, all visitation between P.K. and the minor children was temporarily suspended out of concern for their well-being. The GAL released a supplemental report and recommendation concluding that each child had individually improved their well-

represent the best interest of the child and shall not also be appointed as the attorney for the child."

being and their relationship with M.E.K. following the suspension of P.K.'s visitations. The children's mental health was described as fragile, with ongoing therapy and limited visitation with P.K. recommended.

{¶ 5} As the evidence presented at the hearing demonstrated, according to the magistrate's findings of facts, P.K. himself was undergoing mental health treatment because he suffered from "anxiety and depression due to the situational stress of the pending domestic relations litigation." He also presented with schizotypal personality disorder traits ("STPD"), and according to one of his treating mental health professionals, "demonstrated limited insight into how his attitudes and behaviors impacted others." STPD "is a mental health condition manifested by a consistent pattern of intense discomfort with close relationships and social interactions; people with STPD possess distorted views of reality, superstitions and unusual behaviors." P.K. hired a second mental health professional to review transcripts of the telephone conversations between P.K. and his children. Upon her review, she opined that P.K.'s "discussions with the minor children 'were not helpful to [the minor children's] mental health and were clearly inappropriate.'"

{¶ 6} In response to P.K.'s motion to modify his parental rights, M.E.K. filed a motion seeking attorney fees and a motion to modify the visitation schedule. Those motions were also discussed and considered along with P.K.'s motion, along with a bevy of other motions not relevant to this appeal. With respect to the attorney fees and litigation expenses, M.E.K. claimed that P.K.'s conduct delayed the

proceedings and required significant and well-researched responses. M.E.K. sought $136,000 in compensation.

{¶ 7} The magistrate issued a thorough decision resolving several outstanding motions, but as pertinent to this appeal, the magistrate denied P.K.'s motion to modify his parental rights, citing the children's best interest, granted M.E.K.'s motions for attorney fees and to modify visitation, and granted the GAL's requested fees. The magistrate concluded that M.E.K.'s request for attorney fees was too broad and relied on a "heavily redacted" fee bill that included work performed for other issues or was otherwise too vague to constitute demonstrative proof of the fees expended. According to the magistrate, "the fee bill was redacted to the extent that this Court cannot reasonably determine who provided what services, and at what rate. Specifically, when reviewing each item, time is noted, but there is no dollar amount applied to each service." The magistrate then noted several other material issues with the evidence M.E.K. submitted to support her request for $136,000 in attorney fees. The magistrate awarded $12,500 in attorney fees to M.E.K. as being reasonable and equitable for M.E.K.'s counsel's services related to the current litigation and based on weighing P.K.'s conduct against M.E.K.'s counsel's conduct, described as unnecessarily delaying the proceedings ten months through his claimed "heavy schedule."

{¶ 8} Both parties objected to the magistrate's decision. The domestic relations court adopted the magistrate's decision denying P.K.'s motion to modify his parental rights, but the court sustained in part M.E.K.'s objection to the award

of attorney fees, increasing the amount of attorney fees to $40,000 based on P.K.'s conduct in the underlying litigation and because P.K. did not "object to the reasonableness of the services rendered." No explanation of how the court arrived at the $40,000 in fees was provided.

{¶ 9} This appeal timely followed. P.K., proceeding pro se, raises three arguments in which he claims that (1) the children were deprived of their right to an attorney throughout the proceedings; (2) the domestic relations court erred by awarding the GAL her fees; and (3) the domestic relations court erred by increasing the award of attorney fees without considering the statutory factors and by solely relying on P.K.'s conduct and ignoring M.E.K.'s counsel's dilatory behavior.[3]

{¶ 10} P.K. first argues that the domestic relations court erred by failing to appoint counsel to represent the minor children to preserve the children's wishes. He claims this failure is structural, requiring a reversal.

{¶ 11} Generally, children are not parties to divorce proceedings or the ancillary custody matters. *See In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 1 (holding that a child is not a proper party in a divorce action or

---

[3] P.K. and the children suffer from mental health issues necessitating treatment. The domestic relations court modified P.K.'s custody and visitation based on his failure to recognize the impact his issues have on the children, but that conclusion was based on the children's and P.K.'s separate treatment providers, who all reached the same conclusion. The domestic relations court modified the visitation schedule but permitted P.K. to offer a change in circumstances if the children's and his healthcare providers agree that it would be in the children's best interest. P.K. also argues that this panel should order the domestic relations court to appoint one neutral healthcare provider to render an opinion on all of their health concerns. That is well beyond the power of this court. Given the complexity of mental health issues and the nuances of providing professional services to children and adults, it is not a court's place to dictate treatment options.

its ancillary custody proceedings). Civ.R. 75(B)(2) authorizes the appointment of counsel for the children under the court's discretionary authority. If "it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem, and legal counsel, if necessary for the child and tax the costs." Civ.R. 75(B)(2). The appointment of counsel for the children is within the trial court's discretion but is not a mandatory obligation.

{¶ 12} In this case, the domestic relations court originally joined the children as parties to the post-decree action and appointed a GAL to represent the best interest of the three children and to act as their attorney. The trial court later clarified that the GAL was not serving as an attorney for the children citing Ohio Rules of Superintendence 48.02(E), which precludes the GAL from acting in that dual capacity in an allocation of parental rights case, but no order rescinding the earlier decision to join the children as parties or appointing them new counsel has been identified.

{¶ 13} P.K. asks for the children's lack of counsel to be declared structural error, but he has not provided any authority for review specific to a child's right to counsel in post-decree custody proceedings. Nor has he addressed any of the factors under Cuyahoga Domestic Relations Loc.R. 40 necessitating legal counsel to be appointed for the children. Importantly, P.K. has not presented any discussion as to why the children required legal counsel during the underlying proceedings. It is not the role of an appellate court to flesh out underdeveloped arguments on behalf of one of the parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-

4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983). We are limited based on the argument presented, which superficially describes a constitutional right to counsel under the federal Constitution.

{¶ 14} As the Ohio Supreme Court has concluded, "[t]he court's authority to appoint a GAL enables it to protect the child's interests in innumerable ways." *In re A.G.* at ¶ 75, citing Sup.R. 48(D)(1) (now codified as Sup.R. 48.03 and setting forth the responsibility of the GAL to represent the best interest of the child) and *Glimcher v. Glimcher*, 29 Ohio App.2d 55, 65, 278 N.E.2d 37 (10th Dist.1971). This provides the domestic relations court "considerable latitude" to "manage the litigation itself in a manner that will also achieve what is in the child's best interest." *Id.*

{¶ 15} P.K.'s entire argument focuses on the procedural fact that the children lacked independent counsel, but he has not identified anything in the record demonstrating that the children were prejudiced or that their best interests were not adequately represented by their legal guardian and through the appointment of the GAL acting solely in that capacity. Upon review of the record, it is clear that the GAL represented the children's best interest, and nothing demonstrates that appointment of legal counsel was necessary. There is no error, plain or otherwise.

{¶ 16} Related to the GAL's representation, P.K. also argues that his obligation to pay half of her fees was in error. P.K. has not cited any authority to support his claim that there is no procedure authorizing the domestic relations court

to impose the GAL's fees on the parties. *See* App.R. 16(A)(7). Inasmuch as the argument was presented in the conclusory fashion, it must be overruled. In short, despite the lack of appellate briefing from M.E.K., we cannot conclude that P.K.'s brief reasonably demonstrates the existence of reversible error with respect to the children's right to counsel or the award of fees to the GAL appointed in the underlying proceedings. The first two arguments are overruled.

{¶ 17} And finally, P.K. argues that the domestic relations court erred by increasing the award of attorney fees without considering the statutory factors, such as the income disparity favoring M.E.K., and by solely relying on P.K.'s conduct while at the same time ignoring M.E.K.'s counsel's dilatory behavior throughout the same time period, which the magistrate considered as weighing on the decision to award a lesser amount of fees and expenses than requested by M.E.K.

{¶ 18} M.E.K. sought fees and expenses under R.C. 3105.73(B), which provides that in a post-decree motion or proceeding arising out of a divorce action, "the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether an award of attorney fees and expenses is equitable, the court may consider the parties' income, conduct, and any other relevant factors deemed appropriate. R.C. 3105.73(B). "An award of attorney fees under R.C. 3105.73(B) lies within the sound discretion of the trial court." *Watson v. Watson*, 10th Dist. Franklin No. 22AP-729, 2023-Ohio-3719, ¶ 43, citing *Roush v. Roush*, 10th Dist. Franklin No. 19AP-246, 2019-Ohio-4777, ¶ 15, and *Roubanes v. Roubanes*, 10th Dist. Franklin No.

14AP-183, 2014-Ohio-5163, ¶ 6. "[I]n order for a party to prevail on a claim for attorney's fees, the moving party must demonstrate that the fees were reasonable and necessary." *Eldridge v. Eldridge*, 2d Dist. Greene No. 2018-CA-17, 2019-Ohio-233, ¶ 31, citing *Donese v. Donese*, 2d Dist. Greene No. 2000-CA-17, 2000 Ohio App. LEXIS 4462, 2000 WL 1433872, *4 (Sept. 29, 2000), and *Thomas v. Thomas*, 2d Dist. Greene No. 94-CA-18, 1995 Ohio App. LEXIS 1203, 1995 WL 137015, *9 (Mar. 31, 1995).

{¶ 19} In this case, the magistrate presented an unflattering, but thorough, description of the evidence submitted in favor of M.E.K.'s request for $136,000 in attorney fees and litigation expenses supposedly expended in the post-decree proceedings. According to the magistrate's conclusion, "the fee bill was redacted to the extent that this Court [could not] reasonably determine who provided what services, and at what rate. Specifically, when reviewing each item, time is noted, but there is no dollar amount applied to each service." In addition, M.E.K. included billing for services rendered in other matters, which were pending before other courts, based on the description of services rendered. In other line items, the magistrate noted that the billing included significant research and review periods for ambiguous services. The magistrate found that "review and organize file" was billed 35 times for "unreasonable amounts of time" and without providing context for the services. Despite the noted deficiencies, the magistrate awarded M.E.K. $12,500 for fees it found to be reasonable and equitable.

{¶ 20} M.E.K. objected to the magistrate's findings of fact and conclusions

of law claiming she was entitled to $130,477.80 in attorney fees and expenses based on a redacted fee bill because in *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 28, the Ohio Supreme Court concluded R.C. 149.43(A)(1)(v) exempts a school district from having to disclose itemized attorney-fee bills through a public records request.[4] According to M.E.K., the magistrate was not authorized to punish her for submitting the "heavily redacted" fee bill because she had a right to protect her attorney-client privilege despite her request for fees. She further argued that all the services were reasonable and necessary according to her attorney's conclusory testimony to that effect, and therefore, the magistrate's decision to award $12,500 was an abuse of discretion.

{¶ 21} The domestic relations court sustained M.E.K.'s objection because P.K. did not object to the fee bill or the reasonableness of the services rendered, improperly shifting the burden to P.K. to disprove that the requested attorney fees were reasonable before M.E.K. satisfied her burden to prove the fees were reasonable and because P.K. engaged in dilatory behavior. Ultimately, the court modified the magistrate's decision to award M.E.K. $40,000 for attorney fees but otherwise adopted the magistrate's findings of fact on this topic. There is no

---

[4] In *Thomasson v. Thomasson*, 8th Dist. Cuyahoga No. 108813, 2020-Ohio-3890, ¶ 52, the panel relied on *Dawson* in concluding that the party against whom attorney fees were awarded had not demonstrated entitlement to unredacted attorney-fee bills in order to contest the reasonableness of the fees. That case is limited in application because the panel expressly concluded that the appellant failed to present an argument. It does not stand for the proposition that a party seeking attorney fees may redact a description of the services provided that is necessary to determining whether the requested fees were reasonable. *See, e.g., In re Estate of Weiner*, 2d Dist. Montgomery No. 28585, 2020-Ohio-1527, ¶ 14.

explanation as to how that figure was derived.

{¶ 22} In this appeal, P.K. claims the domestic relations court erred in awarding fees because under R.C. 3105.73(B), fees are not automatic and require the court to consider both the conduct of the parties and their income in order to determine if an award of fees is reasonable and equitable. P.K. focuses on the dilatory behavior of M.E.K.'s counsel of record. That was an issue extensively considered by the magistrate who concluded that M.E.K.'s counsel contributed to the delays in the proceeding due to his "intentional and unnecessarily busy schedule," which according to the magistrate, delayed the final hearing on the pending motions for over ten months. Further, P.K. identifies aspects of the record in which M.E.K.'s counsel displayed animosity toward the magistrate conducting the hearing.[5]

---

[5] P.K. is referring to an exchange that occurred during the February 28, 2023 hearing. The magistrate required the parties to conduct the entire examinations of witnesses when the witnesses were on the stand expressly based on the delays caused by both parties in the proceeding. P.K. represented himself pro se at the time. M.E.K.'s counsel objected to that procedure, claiming he was entitled to dictate when a witness could be called. The magistrate explained the decision, citing M.E.K.'s counsel's general past unavailability when scheduling matters in the case. According to the magistrate, if the witnesses were not examined when on the stand, the hearing would likely be delayed because counsel rarely consented to timely scheduling citing his busy schedule. The magistrate described counsel's behavior as "combative" and in a voice that "is disrespectful and discourteous." M.E.K.'s counsel responded: "I will say things concerning the Court's handling of this matter, the Court's lack of understanding the issues presented in this case, the Court's inaccurate statements concerning my schedule, and what has happened in this case, and my general disappointment in the Court's handling of this matter." Counsel went on to accuse the magistrate of being "jealous" of his success and legal prowess. Toward the end of the monologue, counsel stated that he meant no offense, but was frustrated by P.K.'s conduct. The magistrate concluded the hearing with no further commentary.

{¶ 23} Although inartfully presented, P.K.'s last argument has merit. Contrary to the domestic relations court's conclusion in modifying the fee award, P.K. objected to the fee bill being submitted in its redacted form during the March 3, 2023 hearing on the matter because it precluded him from challenging the reasonableness of the fees and expenses. That objection was overruled based on P.K. having time to review and consider the redacted document. P.K. also unsuccessfully objected to the fee bill not identifying which employee provided the stated services in discussing the separately provided hourly rate sheet for M.E.K.'s counsel's firm. Upon that objection, however, the magistrate noted that the fee bill contained no amounts for the services rendered and no distinction as between the various members of the law firm who provided the services. Instead, M.E.K. presented a summary of the hourly rate for various employees of the law firm, but nothing tying those rates to the itemized services. The itemized hours totaled $127,992.50 for services rendered, with the remaining amount comprised of generic research and copying expenses, but none of the hours indicated who provided the services other than "Stafford Law Co., L.P.A."

{¶ 24} M.E.K. failed to file merit briefing. Under App.R. 18(C), this panel is permitted to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." M.E.K., as the party requesting fees and litigation expenses under R.C. 3105.73(B), bore the burden to demonstrate the reasonableness of the fees and expenses. There is no requirement that the opposing party object to the reasonableness of the fees

until the moving party meets their burden of production. *See Morrison v. Walters*, 1st Dist. Hamilton Nos. C-220643 and C-220644, 2023-Ohio-2887, ¶ 16 (moving party sufficiently demonstrated the reasonableness of the fees because she provided an affidavit setting forth "a breakdown of the amount by date and employee billing, the hourly fee amount for each person who worked on the case, and the time, skill, and labor involved in incurring the fees").

{¶ 25} On this point, the trial court erred in awarding M.E.K. $40,000 in attorney fees and litigation expenses based on the stated rationale that P.K. failed to object to the reasonableness of the services and demonstrated a pattern of improper conduct. P.K. did in fact object to the billing in question, and according to the magistrate's findings of fact, M.E.K. failed to demonstrate the reasonableness of the services rendered by submitting a redacted fee bill. The burden never shifted to P.K. to demonstrate the unreasonableness of the fees or services. *See Home S. &. L. Co. v. Evergreen Land Dev.*, 7th Dist. Mahoning No. 12 MA 215, 2016-Ohio-1248, ¶ 105 (billing entries containing redacted attorney-client information precluded the magistrate from determining the reasonableness of the requested fees). Further, upon review of the redacted document, it appears that M.E.K. was attempting to recoup for all her attorneys' services from August 2019 through February 2023 — not all of which pertained to P.K.'s alleged dilatory conduct.

{¶ 26} Although there is little doubt that M.E.K. could be entitled to some fees and expenses based on P.K.'s conduct, the sole question is the amount of that award. On that point, the domestic relations court's decision, modifying the

magistrate's decision, did not provide any explanation as to how the $40,000 was derived from what was described by M.E.K. and the magistrate as a redacted bill that precluded the magistrate from assessing the reasonableness of the amount requeste*d. See In re Estate of Klie*, 2017-Ohio-487, 84 N.E.3d 313, ¶ 7 (10th Dist.) ("[T]he trial court has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact."), citing *Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 07AP-1006, 2008-Ohio-3166, ¶ 10. Although modifying the award, the domestic relations court adopted the remainder of the magistrate's decision, including the related findings of fact that found the fee bill too redacted to the point of the court not being able to determine the reasonableness of the requested fees and expenses.

{¶ 27} P.K.'s final argument is sustained. The judgment awarding attorney fees is vacated because P.K.'s brief reasonably appears to sustain that conclusion based on the record provided. Notwithstanding, a remand for further proceedings is required in light of the procedural posture of this particular case. As concluded in *Michel v. Michel*, 7th Dist. Noble No. 10 NO 376, 2012-Ohio-4037, ¶ 17, although parties are generally precluded from getting a "second bite at the apple" when it comes to presenting evidence at trial, there are notable exceptions such as "a reversal on appeal." *Id.* at ¶ 17; *but see Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, 91 N.E.3d 230, ¶ 54 (10th Dist.) (a party who failed to appear at the evidentiary hearing cannot rely on Civ.R. 60(B) as a mechanism to supplement the lack of an

evidentiary record). In this case, the domestic relations court overruled P.K.'s objection to M.E.K.'s reliance on the redacted fee bill and concluded that some award of fees was necessary. Accordingly, a remand for a new hearing is necessary in light of M.E.K.'s reliance on the court's decision that directly impacted the evidence presented. *See, e.g., Ramus v. Ramus*, 8th Dist. Cuyahoga Nos. 38148, 38149, 38150, and 38540, 1978 Ohio App. LEXIS 10098, 12 (July 27, 1978) (affirming the award of attorney fees following a remand from the direct appeal in which the panel concluded that the original award of attorney fees was based on insufficient evidence); *Baaron, Inc. v. Davidson*, 9th Dist. Wayne No. 16AP0052, 2017-Ohio-7783, ¶ 9 (concluding there was insufficient evidence of the reasonableness of the fees and remanding the matter for further proceedings); *Worley v. Worley*, 5th Dist. Licking No. 06-CA-63, 2007-Ohio-252, ¶ 3 (reversing the imposition of attorney fees based on the lack of evidence but remanding the case to the trial court for further proceedings on the issue).

{¶ 28} Based on the foregoing discussion, the decision of the domestic relations court is affirmed in part and reversed in part. The decision is affirmed in all respects except as to the award of attorney fees and litigation expenses. That award of attorney fees and litigation expenses is reversed and hereby vacated, and the matter remanded for a new hearing to determine the amount of fees and litigation expenses M.E.K. incurred as a result of P.K.'s conduct.

{¶ 29} Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
LISA B. FORBES, P.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

LISA B. FORBES, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 30} I respectfully agree with the majority regarding the disposition of P.K.'s first and second arguments. I further agree with the majority regarding the analysis of P.K.'s third argument. However, I would reverse and vacate the attorney fee and litigation expenses award without remanding to the trial court for a new hearing. As the majority noted, the lower court found that M.E.K.'s attorney presented as evidence "a redacted bill that precluded the magistrate from assessing the reasonableness of the amount requested." I agree with the majority that M.E.K. failed to meet her burden of demonstrating the reasonableness of the fees and expenses. M.E.K. should not get a second bite at the apple after failing to produce sufficient evidence at trial. *See Michel*, 7th Dist. Noble No. 10 NO 376, 2012-Ohio-

4037, at ¶ 17 ("Parties do not generally get a 'second bite at the apple' when it comes to presenting evidence at trial."); *Chuang Dev. L.L.C.,* 2017-Ohio-3000, 91 N.E.3d 230, at ¶ 54 (10th Dist.) (finding that, when a party failed to present evidence at a hearing and then attempted to vacate the judgment, "[s]uch 'second bites at the apple' are not authorized by the Rules of Civil Procedure").